## No. 1121.

### JOHN E. KING vs. ELBERT GANTT ET AL.

Defendant, having in his original answer admitted the adjudication to him at a tax sale, of Plaintiff's property, cannot be permitted to file an amended answer, setting forth error, possession in himself and other facts, which alter the substance of the original answer.

APPEAL from the Thirteenth Judicial District Court, parish of St. Landry. *Hudspeth*, J.

*Henry L. Garland* for Plaintiff and Appellee.

*Lewis & Bro.* and *F. F. Perrodin* for Defendant and Appellant:

An action, in which plaintiff claims to be the owner of real estate, and asks for the annulment of its sale for taxes on the ground that he had offered to redeem by paying the purchase price within the legal delay, and that the defendant be enjoined from perfecting that title, or doing any act to deprive him of the property, is a petitory action in its nature. C. P. 5; 1 R. 242; 9 L. 147.

Whether it be technically a petitory action or not, it involves title to real estate, and could not be maintained by plaintiff except as owner, which he was bound to allege and show. The law gives the right of redemption only to owners or mortgagees. Plaintiff was bound to allege every fact material to his case.  13 L. 52; Sec. 57, Act 96, 1877; R. S. 3299.

Tax sales are *prima facie* valid sales.  Const. 1868, Art. 118; Const. 1879, Art. 210.

Defendant should plead all the titles under which he claims, and which the judgment, as *res judicata*, will estop him from subsequently setting up.  14 An. 582, Shaffer vs. Scuddy, 11 An. 111.

A party can urge as an exception whatever he can enforce as an action.  C. P. 20; C. C. 2047; 12 R. 95 and 472.

Amendments should be allowed when they cause no injury and prevent a multiplicity of suits.  5 An. 674; 10 An. 599; 9 R. 78; 1 An. 254.

Amendments should be allowed where justice will be promoted.  3 R. 123; 14 An. 355; H. D. 1182, No 9; 27 An. 316.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The plaintiff seeks the annulment of an adjudication made to defendant, of *his* property, at a tax sale.   He alleges that, within the two years following the adjudication and allowed by law for the cancellation of such adjudication, he has tendered to the defendant the amount paid by him as adjudicatee, with interest and damages, but that the latter has refused to receive the same.   He coupled his prayer or annulment with an injunction, to prevent the defendant from registering his adjudication and from procuring a title, or *deed*, from the creditor, to the adjudicated property.

The defendant pleads the general issue, but admits the adjudication, with the averment, however, that the property in question was placed on the assessment list in error, as it did not belong to plaintiff, but to him, as per a sheriff's sale to him.   He further avers and prays that, in case the plea is not maintained, whatever rights he may have for the recovery of the property be reserved to him.   Some five months afterwards, the defendant offered to amend this answer, by setting forth allegations of error, possession, surprise and readiness to allow plaintiff to redeem his own property, but unwillingness to surrender his own to him.

The lower court refused to receive the amending answer and, on the trial, consistently, to permit the introduction of evidence in support of it and in disproof of plaintiff's testimony.   To such refusal bills were reserved.

On the merits, the court gave judgment, annuling the tax sale and making in favor of the defendant the reserve of rights asked by him.   From this judgment the defendant has appealed.

The theory upon which this suit was brought seems to be, that the plaintiff was, and has never ceased to be, the real and true owner of the property offered at the tax sale and adjudicated to the defendant; that, in legal contemplation, the defendant, having illegally refused to

accept the money tendered, must be dealt with, upon payment of it to him, as though he had seasonably received it, and that things be declared to be in the condition in which they should have been, and in which they constructively and relatively are.

The question is not, therefore, whether the plaintiff is to be declared the owner of the property, but whether, *being* such owner, he had a right to compel the defendant to receive the money; in other words, whether he was a debtor and could force his creditor to receive payment as a condition precedent for the annulment of the adjudication.

The defendant's position is, that he was justified in not accepting the tender, for the double reason that the property never belonged to the plaintiff, who, therefore, was stripped of no right to it by the adjudication, *and* that the property was previously, and still is, exclusively his own; in other words, he claims ownership otherwise than from the adjudication.

The plaintiff does not ask to be recognized by the Court as the owner of the property. The prayer of his petition does not characterize his action as a petitory one, as one in which he revindicates title to real estate, contradictorily with another, setting up any pretension of ownership or other to it. He assumes that he is the owner, and claims that, by reason of the position in which the defendant has placed himself, by becoming the adjudicatee for taxes of property assessed in his (plaintiff's) name, and adjudicated as belonging to him, *he* has no title to prove, *as against* the defendant, who has admitted title in him, as holding under and through him. The plaintiff only asks *that,* which the acceptance of the money would have brought about, i. e., the nullity of the adjudication of the property to the defendant.

If the suit partake of the nature of a real one, which it apparently does, it can only be viewed as a *quasi* possessory action.

Constructively it is such—for the plaintiff seeks to be maintained in the possession and enjoyment of the property, and to that end, for the purpose of preventing apprehended and otherwise unavoidable disturbance, he has obtained the conservatory process of injunction. In such a case, it is clear that, in the very terms of the provisions of law regulating such actions, the defendant cannot set up a defense which could be considered as a petitory action, until after judgment in the possessory action, and satisfaction of the judgment, if adverse to him. C. P. 55.

If the action were petitory, the defendant could reconventionally set up title in himself and provoke a judgment recognizing it in him; but as it is not such, and is one bearing great affinity to the possessory action, the defendant cannot raise the issue which he has attempted to form.

Apart from these considerations, as the defendant has admitted the adjudication at the tax sale, and did not, in the original answer, plead *error*, but plainly and solely *title* in himself, without any qualification, he is estopped from contesting, or disputing ownership in plaintiff, from whom he holds as adjudicatee, and who is his author, and he cannot, therefore, be permitted to alter the substance of that answer, by injecting into it important means of resistance not seasonably and regularly set forth. It is manifest that the original special defense was diffidently ventured by the defendant, who cautiously and wisely prayed, in case the plea were not maintained, that his rights under the same be reserved for assertion in a different proceeding.

The lower court properly declined to permit the amendment and to receive evidence under it or the original answer.

On the merits, the testimony shows the tender, and that defendant's sole objection to it was as to its sufficiency in amount, which we deem is established, and is not now contested.

The plaintiff has prayed for no amendment.

It is, therefore, ordered that the judgment appealed from be affirmed with costs.